Mary Nell WYATT, Individually and as Executrix of the Estate of Ronald E. Wyatt, et al., Appellees

v.

SYRIAN ARAB REPUBLIC, Appellant.

No. 06–7094.

United States Court of Appeals, District of Columbia Circuit.

Jan. 25, 2008.

Rehearing En Banc Denied March 26, 2008.

David J. Strachman, McIntyre, Tate, Lynch & Holt, Providence, RI, for Appellees.

Abdeen M. Jabara, Law Office of Abdeen Labara, Lawrence W. Schilling, Ramsey Clark, Law Offices of Ramsey Clark, New York, NY, for Appellant.

Stuart Henry Newberger, Laurel Pyke Malson, Crowell & Moring LLP, Washington, DC, for Amicus Curiae Robert L. Pugh.

Before: SENTELLE, HENDERSON and RANDOLPH, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court

for the District of Columbia and on the briefs by the parties and oral arguments of counsel. The court has determined that the issues presented occasion no need for an opinion. *See* D.C. CIR. R. 36(b). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court denying Appellant's motion to dismiss be affirmed.

Plaintiffs brought the underlying tort suit to recover damages resulting from the abduction of certain of the plaintiffs by the Kurdistan Workers Party ("PKK") in Turkey in 1991. Syria is a defendant because it allegedly provided material support and resources to the PKK for this hostage taking.

Plaintiffs base jurisdiction over Syria on the state-sponsored terrorism exception of the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605(a)(7). The exception provides jurisdiction over foreign states that, *inter alia,* "provi[ded] material support or resources" for an act of "hostage taking," if the state was designated as a state sponsor of terrorism "at the time the act occurred" or was "later so designated as a result of" the act taken. *Id.* The district court held that "hostage taking" did occur but ordered jurisdictional discovery to address whether Syria provided material support and resources to the PKK. Rather than engage in discovery, Syria filed this interlocutory appeal, asserting that the district court did not have subject matter or personal jurisdiction over it.

On appeal, Syria does not dispute that 28 U.S.C. § 1605(a)(7) applies. But it insists that Article 2(1) of the United Nations Charter, which both the United States and Syria have signed, invalidates § 1605(a)(7). Article 2(1) states: "The Organization is based on the principle of the sovereign equality of all its Members." The preamble to Article 2 directs the members to "act in accordance with the following Principles."

■ Syria correctly points out that 28 U.S.C. § 1604 makes FSIA "[s]ubject to existing international agreements." This existing-treaty exception applies, however, only if there is an express conflict between the treaty and the FSIA provision. *See Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 442, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989); *Moore v. United Kingdom,* 384 F.3d 1079, 1084 (9th Cir.2004). We can assume *arguendo* that Article 2 of the Charter creates judicially enforceable, binding obligations on the United States. *But see, e.g., Tel–Oren v. Libyan Arab Republic,* 726 F.2d 774, 809 (D.C.Cir.1984) (Bork, J., concurring) (stating that Article 2 reveals "mere aspirations"); *Frolova v. USSR,* 761 F.2d 370, 374–75 & n. 5 (7th Cir.1985) (per curiam) (citing cases indicating the Charter is not self-executing). But we still do not see an express conflict between Article 2(1) and § 1605(a)(7). Syria claims that the "sovereign equality" principle has been violated because only Syria and a handful of other countries have been designated state sponsors of terrorism and thus subjected to judicial process via § 1605(a)(7). As an initial matter, we doubt that Article 2(1) restricts states from subjecting other states to judicial process for certain acts. But even if Article 2(1) does demand strict equality across states, the provisions are not in conflict because § 1605(a)(7) does not treat Syria (and the other terrorism sponsor states) unequally. Any country can come within § 1605(a)(7)'s exception so long as the Secretary of State designates it a terrorism sponsor. We decline to read Article 2(1) to prevent Congress from providing judicial recourse to victims of state-sponsored terrorism, as was its manifest intent with § 1605(a)(7).

■ Syria also contests personal jurisdiction, but our precedents make clear that personal jurisdiction is proper here. Personal jurisdiction over a foreign state exists "[i]f service of process has been made under [28 U.S.C.] § 1608" and the court has subject matter jurisdiction over the claim. *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 89, 95 (D.C.Cir.2002). Syria does not claim that service of process was improper, and we have already explained that subject matter jurisdiction exists. Syria does argue that its due process rights have been violated because it does not have "minimum contacts" with the United States. However, "foreign states are not 'persons' protected by the Fifth Amendment." *Id.* at 96.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.